UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ASHONDRA J. HARRIS, individually, and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>PROCOLLECT, INC.,<br><br>Defendant. | Case No. 4:22-cv-00738 |

## CLASS ACTION COMPLAINT

**NOW COMES**, ASHONDRA J. HARRIS ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of PROCOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 for Defendant's unlawful conduct

### JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

1

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Crowley, Texas.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Defendant is a debt collection company with its principal place of business located at 12170 North Abrams Road, Suite 100, Dallas, Texas 75243. Defendant regularly collects defaulted debts owed to others from consumers located within the State of Texas.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

13. In November 2017, Plaintiff moved out of her apartment complex Casa Villa Apartments.

14. The apartment complex advised Plaintiff that she had left trash and damage to the apartment behind when she moved, which allegedly resulted in owing around $715 ('subject debt").

15. Sometime thereafter, Defendant purchased or was assigned the subject debt while it was in default.

16. Plaintiff first noticed the subject debt reporting on her credit reports in early 2022.

17. In January 2022, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

18. On multiple occasions, Plaintiff answered Defendant's collection calls.

19. During an answered call in or around February 2022, Plaintiff requested that Defendant cease its collection calls and only contact her by mail.

20. Despite Plaintiff's request that Defendant cease its collection calls, Defendant continued to place collection calls to Plaintiff's cellular phone.

21. In the calls that Plaintiff did not answer, Defendant would leave various prerecorded messages ("robocalls") on Plaintiff's cellular phone, including robocalls stating as follows:

> "This is a personal business alert for Ashondra Harris. If you are not Ashonda Harris, please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from PCI. Please call 1-800-732-3799."

22. From February 2022 through the present, Defendant placed numerous robocalls to Plaintiff's cellular phone without Plaintiff's consent and after Plaintiff requested that the collection calls cease.

23. At no point in time did Plaintiff provide Defendant with her cellular phone number or otherwise consent to Defendant's calls.

24. Defendant's unwanted robocalls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted robocalls and text messages, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

25. Moreover, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

26. Due to Defendant's refusal to honor Plaintiff's request that it cease its invasive collection calls, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

27. Furthermore, Plaintiff has yet to receive any written correspondences from Defendant.

## CLASS ALLEGATIONS

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

30. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such

excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.      Numerosity**

31.     Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

32.     The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

33.     The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

34.     The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.      Commonality and Predominance**

35.     There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

36.     Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.      Typicality**

37.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.      Superiority and Manageability**

38.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

40.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

41.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

42.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

43.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant have no defenses unique to Plaintiff.

44.     Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

**COUNT I:**
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

45.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46.     Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing numerous non-emergency robocalls to Plaintiff's phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

47.     As pled above, Defendant used an artificial or prerecorded voice, which automatically played upon the call reaching Plaintiff's voicemail.

48. Defendant did not have consent to place calls to Plaintiff's cellular phone as Plaintiff never provided Defendant with her cellular phone or otherwise consented to Defendants' phone calls.

49. Upon information and belief, Defendant does not maintain any policies or procedures to ensure compliance with the TCPA.

50. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to maximize productivity and profits at the expense of Plaintiff and the Putative Class.

51. As pled above, Plaintiff was harmed by Defendant's unlawful robocalls.

**WHEREFORE**, Plaintiff on behalf of herself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

c. an order enjoining Defendant from placing further violating calls to consumers;

d. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

e. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

f. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
### (Plaintiff individually)

52. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

53. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

54. As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone.

55. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

56. Defendant violated § 1692c(a)(1) by placing or causing to be placed numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

57. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

### b. Violations of FDCPA § 1692d

58. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

8

59. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

60. Defendant violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after being requested to cease the collection calls.

61. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

62. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that she no longer wished to be contacted on her cellular telephone.

63. The fact that Defendant knowingly placed or caused to be placed robocalls to Plaintiff after Plaintiff made a request that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**c. Violation(s) of 15 U.S.C § 1692g**

64. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

9

>  (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
>  (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

68. Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers, including a consumer's right to dispute the validity of a debt.

69. The required disclosures are commonly referred to as the "validation notice."

70. Defendant violated §1692g by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff.

71. Accordingly, Defendant failed to provide Plaintiff with critical information required by the FDCPA.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

  a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

  b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying violations;

  c. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III:
### Violations of the Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq*.)
### (Plaintiff individually)

69. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

70. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

71. Defendant is a "third party collector" as defined by Tex. Fin. Code Ann § 392.001(7).

72. The subject debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.302**

73. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

74. Defendant violated the TDCA when it called Plaintiff repeatedly despite her request that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

75. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b); and

f. Award any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 23, 2022

Respectfully submitted,

**ASHONDRA J. HARRIS**

By: /s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mdaher@sulaimanlaw.com