IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ASHONDRA J. HARRIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:22-cv-00738-O |
| | § | |
| PROCOLLECT, INC., | § | |
| | § | |
| *Defendant*. | § | |

## DEFENDANT PROCOLLECT, INC.'S ORIGINAL ANSWER

ProCollect, Inc. ("Defendant" or "ProCollect") files this Answer to respond to Plaintiff's *Complaint* (the "Complaint") filed by Plaintiff Ashondra J. Harris ("Plaintiff" or "Harris") and would show the Court as follows:

### A.   ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

#### NATURE OF THE ACTION

1.      Defendant admits Plaintiff brings the action as described in Paragraph 1, but denies any liability and denies any damages as a result of Defendant's actions or omissions.

#### JURISDICTION AND VENUE

4.      *[sic – misnumbered from paragraph 4 forward]* Other than to contest standing, Defendant does not contest federal jurisdiction as alleged in Paragraph 4.

5.      Other than to contest standing, Defendant does not contest jurisdiction as alleged in Paragraph 5.

6.     Defendant does not contest venue as alleged in Paragraph 6.

<u>PARTIES</u>

7.     Defendant admits Plaintiff is a natural person older than 18 but lacks sufficient information to know the truth whether Plaintiff is residing in Crowley, Texas.

8.     Defendant admits that Plaintiff is a person as defined by the TCPA as alleged in Paragraph 8.

9.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 9 and therefore denies same.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant admits the allegations in Paragraph 11.

12.     Defendant admits the allegations in Paragraph 12.

<u>FACTUAL ALLEGATIONS</u>

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant admits the allegations in Paragraph 14.

15.     Defendant denies the allegations in Paragraph 15.

16.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 16.

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant denies allegations contained in Paragraph 18.

19.     Defendant denies allegations contained in Paragraph 19.

20.     Defendant denies allegations contained in Paragraph 20.

21.     Defendant denies making any "robocalls" to Plaintiff as alleged in Paragraph 21, but admits that it made manually dialed calls to Plaintiff without pre-recorded messages as well as calls for which it had express consent.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

25.     Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26.

27.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 27.

CLASS ALLEGATIONS

28.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

29.     Defendant admits that Plaintiff asserts claim(s) for which it seeks class certification, but denies any class liability and denies that a class action is proper or can be maintained for the claim(s) alleged.

30.     Defendant denies that any class action is appropriate for the claims asserted.

A. NUMEROSITY

31.     Defendant denies the allegations in Paragraph 31.

32.     Defendant denies the allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

B. COMMONALITY AND PREDOMINANCE

35.     Paragraph 35 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 35 does contain any factual averments, Defendant denies same.

36.     Paragraph 36 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 36 does contain any factual averments, Defendant denies same.

C. TYPICALITY

37.     Defendant denies the allegations in Paragraph 37.

D. SUPERIORITY AND MANAGEABILITY

38.     Defendant denies the allegations in Paragraph 38.

39.     Defendant denies the allegations in Paragraph 39.

40.     Defendant denies the allegations in Paragraph 40.

41.     Defendant denies the allegations in Paragraph 41.

E. ADEQUATE REPRESENTATION

42.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 42.

43.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 43.

44.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 44.

## CLAIMS FOR RELIEF

### COUNT I :
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. § 227 *et. seq)*
### (ON BEHALF OF PLAINTIFF AND THE MEMBERS OF THE PUTATIVE CLASS)

45.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

46.     Defendant denies the allegations in Paragraph 46.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant denies the allegations in Paragraph 51.

Defendant denies that Plaintiff is entitled to any requests for relief set out following Paragraph 51, including subsections (a) – (f).

**COUNT II:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 *et. seq)***
**(PLAINTIFF INDIVIDUALLY)**

52.     Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

**a. Violation of FDCPA § 1692c**

53.     Paragraph 53 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 53 does contain any factual averments, Defendant denies same.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

**b. Violation of FDCPA § 1692d**

58.     Paragraph 58 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 58 does contain any factual averments, Defendant denies same.

59.     Paragraph 59 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 59 does contain any factual averments, Defendant denies same.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

**c. Violation(s) of 15 U.S.C. § 1692g**

64.     Paragraph 64 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 64, including unnumbered subsections, does contain any factual averments, Defendant denies same.

68.     *[sic – misnumbered from paragraph 68 forward]* Paragraph 68 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 68, including unnumbered subsections, does contain any factual averments, Defendant denies same.

69.     Paragraph 69 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 69, including unnumbered subsections, does contain any factual averments, Defendant denies same.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant denies the allegations in Paragraph 71.

Defendant denies that Plaintiff is entitled to any requests for relief set out following Paragraph 71, including subsections (a) – (d).

**C**OUNT **III:**
**V**IOLATIONS OF THE **T**EXAS **D**EBT **C**OLLECTION **A**CT (**T**EX. **F**IN. **C**ODE **A**NN.. § 392 *et. seq)*
(**P**LAINTIFF **I**NDIVIDUALLY)

69.      *[sic – misnumbered from paragraph 69 forward]* Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein

70.      Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 70.

71.      Defendant admits that it acts as a third party debt collector as alleged in Paragraph 71.

72.      Defendant lacks sufficient information to know if the debt at issue is consumer debt as alleged in Paragraph 72, and therefore denies same.

**a. Violations of TDCA § 392.302**

73.      Paragraph 73 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 73, including unnumbered subsections, does contain any factual averments, Defendant denies same

74.      *[sic]* Defendant denies the allegations in Paragraph 74.

75.      *[sic]* Defendant denies the allegations in Paragraph 75.

Defendant denies that Plaintiff is entitled to any requests for relief following Paragraph 75, including subsections (a) – (f), set out therein.

Defendant denies any and all factual averments set out in the Complaint that are not specifically admitted as provided by paragraphs 1 through 75[sic] above.

## B. AFFIRMATIVE DEFENSES

AD1. Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDPCA and TDCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.  Defendant did not intentionally violate the FDCPA or TDCA and Defendant maintains policies, procedures and practices to prevent the violation alleged.  Any actions or omissions resulting in the alleged FDCPA and TDCA violations resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions.  *See* 15 U.S.C. § 1692k(c) and TDCA § 392.401.

AD2.  Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff lacks standing, and/or Defendant is not liable for Plaintiff's claims, as Plaintiff does not have any injury-in-fact following a mere technical or procedural violation of the FDCPA or TDCA.  *See e.g., Spokeo, Inc. v. Robins*, 2015 U.S. LEXIS 2947, 135 S. Ct. 1892, 191 L. Ed. 2d 762, 83 U.S.L.W. 3819 (U.S. 2015).

AD3.  Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual damages.

AD4.  Defendant seeks attorney's fees against Plaintiff pursuant to FDCPA § 1692k(a)(3) (and/or 28 U.S.C. § 1927 if appropriate).

AD5.  Plaintiff's claims are barred in whole or in part, by Plaintiff's failure to mitigate damages.

AD6.  Plaintiff's claims are barred in whole or in part by offset or setoff.

AD7.  Plaintiff's claims against Defendant are barred by unclean hands.

AD8. As a separate alternative affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure including, but not limited to, estoppel, failure of consideration, laches, statute of limitations and waiver.  The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses, not specifically set out herein, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant incorporates all said affirmative defenses as if fully set forth herein.

AD9. Pleading affirmatively, Defendant reserves any and all defenses available under the FDCPA, and applicable Federal Trade Commission rules, regulations, orders, and decisions.

AD10. Defendant reserves the right to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware

## PRAYER

Defendant requests a judgment that Plaintiff takes nothing on his claims against Defendant ProCollect, Inc., that Plaintiff's claims against Defendant are dismissed and that Defendant recover its attorneys' fees and costs, if appropriate.  Defendant prays for such other and further relief to which Defendant may be entitled.

Respectfully submitted,

By:_____

    JOHN W. BOWDICH
    State Bar No. 00796233
    Todd J. Liles
    State Bar No. 00796956

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com
tliles@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
PROCOLLECT, INC.

<u>CERTIFICATE OF SERVICE</u>

On November 14, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Fort Worth Division using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) as follows:

Marwan R. Daher, Esq.          <u>VIA ECF</u>
SULAIMAN LAW GROUP, LTD.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
   ATTORNEYS FOR PLAINTIFF

By:_____
    JOHN W. BOWDICH