IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ASHONDRA J HARRIS | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 4:22-CV-00738-O |
| PROCOLLECT INC | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is the parties' Joint Motion for Protective Order (ECF No. 13), filed March 7, 2023. Having considered the Joint Motion and the applicable law, the Court finds that it should be and is hereby **DENIED.**

This Court routinely declines to use Federal Rule of Civil Procedure 26(c) to convert an agreement of the parties into a court order. This practice does not leave the parties without recourse. First, the parties may agree to any confidentiality or discovery-related contract among themselves without devoting scarce judicial resources to the matter. *Davis v. City of Fort Worth*, No. 4:14-cv-491-A, 2014 WL 12940678, at *3 (N.D. Tex. July 3, 2014) (McBryde, J.).

Second, a party may move for leave to file a specific document under seal with a memorandum outlining the good cause for the document to be sealed from public, supporting legal authorities, and relevant facts verified by oath or declaration of a person with personal knowledge. *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."); *Binh Hoa Le v. Exeter Fin.*

*Corp.*, No. 20-10377, 2021 WL 838266, at *8 (5th Cir. Mar. 5, 2021) ("when materials enter the court record, the standard for shielding records from public view is far more arduous"); *cf. United States v. Edwards*, 823 F.2d 111, 118 (5th Cir. 1987) (if closure of a presumptively open proceeding is to withstand a First Amendment challenge, the court must make specific fact findings demonstrating that a substantial probability exists that an interest of a higher value will be prejudiced and that no reasonable alternatives will adequately protect that interest).

For these reasons, the parties' Joint Motion for Protective Order (ECF No. 13), is **DENIED.**

**SO ORDERED** this **8th day** of **March, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**